UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL CASE NO. 3:20-cr-00332-RJC-DSC

| | |
|---|---|
| JASON DEMARCUS HEMPHILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 46].

## I. PROCEDURAL BACKGROUND

On September 17, 2020, Petitioner Jason D. Hemphill ("Petitioner") was charged in a Bill of Indictment with one count of felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Doc. 10: Bill of Indictment]. Petitioner pleaded guilty to this charge without a plea agreement. [3/30/2021 Docket Entry]. On March 30, 2021, the Magistrate Judge conducted Petitioner's Rule 11 hearing. [Doc. 23: Acceptance and Entry of Guilty Plea]. The Magistrate Judge reviewed all the elements of the crime charged and the maximum and minimum penalties of the offense. [Id. at ¶¶ 8-9]. Petitioner testified that he was pleading guilty because he is in fact guilty of the crime charged. [Id. at ¶ 23]. Petitioner also testified that he was "satisfied with the services of [his] attorney," stating "She's awesome." [Id. at ¶ 31]. Finally, Petitioner testified that he heard and understood all parts of the proceedings and wanted the Court to accept his guilty plea.

[Id. at ¶ 33].  The Magistrate Judge accepted Petitioner's guilty plea, finding that it was knowingly and voluntarily made.  [Id. at 4].

Before Petitioner's sentencing hearing, a probation officer prepared a Presentence Investigation Report (PSR).  [Doc. 22].  The probation officer recommended a base offense level of 20 because the § 922(g) offense involved a semiautomatic firearm with a magazine capable of holding 15 rounds of ammunition and Petitioner was a prohibited person when he committed the offense.  [Id. at 24 (citing U.S.S.G. § 2K2.1(a)(4)(B))]. The probation officer also recommended that Petitioner was subject to four-level enhancement because the firearm was possessed in connection with another felony offense, Shooting into Occupied Dwelling, U.S.S.G. §2D1.1(b)(6); a two-level enhancement for reckless endangerment during flight, U.S.S.G. §3C1.2; and a three-level reduction for acceptance of responsibility, U.S.S.G. §3E1.1; for a total offense level of 23. [Id. at ¶¶ 25, 28, 31-33].  With a criminal history category of VI, the guidelines recommended a sentencing range of 92 to 115 months.  [Id. at ¶¶ 47, 89].  Petitioner objected to, among other things, the two-level reckless endangerment enhancement.  [Doc. 28].

The Court conducted Petitioner's sentencing hearing on February 1, 2022.  At the hearing, Officer Todd Martin testified as follows. [Doc. 40 at 4: Sentencing Tr.].  At the time of Petitioner's arrest, Officer Martin was on the Charlotte Mecklenburg Police Department (CMPD) "shootings-in-occupied-dwelling" (SID) task force with the CMPD gang unit.  [Id. at 5].  Prior to Petitioner's arrest, Officer Martin had been investigating Petitioner and identified him as a suspect in a series of shootings into occupied dwellings.  [Id.].  The SID learned that Petitioner was the driver of a dark gray Chrysler vehicle with a 30-day paper registration plate involved in these shootings and Officer Martin was surveilling that vehicle.  [Id. at 6-7].  On August 22, 2020, Officer Martin saw the vehicle and conducted a traffic stop.  Petitioner pulled the vehicle into a gravel driveway and

2

immediately started exiting the vehicle, while being "very verbal" and "very argumentative" with police. [Id. at 7]. Petitioner was seated in the vehicle with the driver's side door open and his feet on the ground outside the car. Officer Martin was standing inside the open car door and Officer Hastings and Sergeant Bignall were standing near the passenger side. [Id. at 7-8, 11, 18]. The officers were shining flashlights into Petitioner's vehicle at this time and saw no firearms in plain view. [Id. at 17]. Petitioner briefly got out of the vehicle, surrendering a paper driver's license, and returned to the driver's seat. [Id. at 8]. Petitioner left the vehicle a second time and allowed Officer Martin to pat him down for weapons. None were found and Petitioner again quickly returned to his seat. [Id. at 17].

Because "violent criminals are known to flee from law enforcement," Officer Martin "tr[ied] to separate him from the vehicle" by showing him "his note card on a 30-day registration plate." [Id. at 9]. Petitioner, however, would not leave the vehicle and became "more and more agitated." [Id.]. Officer Martin allowed Petitioner to call his mother and then again directed him that "it's time to get out of the car." [Id. at 9-10]. Petitioner asked to make another call, but Officer Martin refused, and Petitioner again refused to leave the vehicle. At that time, Officer Martin grabbed his left hand to pull him from the car, but Petitioner planted his right foot inside the car to brace himself inside the car. Petitioner used his right hand to shift the car into drive. Officer Martin leapt inside the vehicle to keep his body and legs "from being drug down the street." [Id. at 10-11]. Petitioner "mash[ed] on the gas" and Officer Martin was able to shift the car to neutral. They crashed into a telephone poll approximately 150 feet from where Petitioner had originally stopped the vehicle. [Id. at 10-11]. Petitioner ran over Officer Hastings foot as he attempted to flee. [Id. at 11]. After they hit the telephone poll, Officer Martin was able to extract Petitioner from the vehicle and he was arrested. [Id. at 12, 19]. After hearing Petitioner's testimony and

3

arguments of counsel, the Court applied the two-level reckless endangerment enhancement and adopted the remainder of the PSR without change, sentencing Petitioner to a within-guidelines sentence of 104 months.  [Id. at 24-48, 65; Doc. 32 at 2: Judgment; Doc. 33: Statement of Reasons].

Petitioner appealed, arguing that this Court improperly delayed his sentencing hearing by 30 minutes to wait for Officer Martin to arrive and clearly erred in applying the two-level reckless endangerment enhancement.  United States v. Hemphill, No. 22-4109, 2023 WL 1433643, at *1 (4th Cir. Feb. 1, 2023).  The Fourth Circuit affirmed.  Id. at *2.

Petitioner timely filed the pending Section 2255 Motion to Vacate.  [Doc. 1].  As grounds, Petitioner claims that (1) 18 U.S.C. § 922(g)(1) is unconstitutional; (2) he received ineffective assistance of counsel because his attorney did not move to suppress evidence of the firearm found after Petitioner's arrest; and (3) the Court erred at sentencing by finding facts used to enhance Petitioner's sentence.  [Id. at 4, 14-28].  For relief, Petitioner asks the Court to vacate his conviction, hold a trial without the evidence of the firearm, and resentence Petitioner without the sentencing **reckless endangerment enhancement.**  [Id. at 29].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that Petitioner's Motion to Vacate can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. 18 U.S.C. § 922(g)

Citing New York State Rifle & Pistol Assn., Inc. v. Bruen, 142 S.Ct. 2111 (2022), Petitioner argues that 18 U.S.C. § 922(g) is unconstitutional, and asks the Court to "set aside" his conviction. [Doc. 46 at 14-17, 29]. The Second Amendment to the United States Constitution does not protect a convicted felon's "right" to bear arms. See United States v. Mahin, 668 F.3d 119, 123 (4th Cir. 2012) (collecting cases declining to overturn on Second Amendment grounds criminal convictions under 18 U.S.C. § 922(g)). Bruen, which regards the right of "law-abiding citizens with ordinary self-defense needs" to keep and bear arms, does not change this conclusion. See Bruen, 142 S.Ct. at 2156. See also Nicks v. United States, No. 5:23-cv-2-KDB, 2023 WL 4356065, at *10-*12 (W.D.N.C. July 5, 2023) (addressing constitutionality of § 922(g) after Bruen). To the extent Petitioner contends that his attorney was ineffective for failing to argue that § 922(g) is unconstitutional, [see Doc. 46 at 17-18], this claim also fails. An attorney is not ineffective for failing to make a meritless argument. See generally Lockhart v. Fretwell, 506 U.S. 364, 374 (1993) (a defendant is not prejudiced if his counsel fails to make an objection that is "wholly meritless under current governing law").

**B.     Ineffective Assistance of Counsel**

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86,

104 (2011) (quoting Strickland, 466 U.S. at 689). The prejudice prong inquires whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Petitioner claims his attorney was ineffective for failing to move to suppress the firearm evidence as from an illegal search and seizure. [Doc. 46 at 19-23]. "[A] guilty plea constitutes a waiver of all nonjurisdictional defects[.]" United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30, 94 S.Ct. 2098 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id. The record shows that Petitioner's guilty plea was knowing and voluntary and Petitioner does not argue otherwise. Petitioner thus waived his claim of ineffective assistance related to the allegedly illegal search. Moreover, Petitioner has not shown that the search of his vehicle was unlawful in any event. [See Doc. 46 at 19-22].

Petitioner also claims that the failure to move to suppress the evidence of the firearm resulted in evidence of "the illegal conduct of the police" being used at his sentencing hearing, causing Petitioner "to suffer a sentence enhancement outside of his plea agreement." [Doc. 46 at 23]. This argument also fails. Even if evidence of the firearm itself had been successfully excluded, the events leading up to Petitioner's arrest, including Petitioner's attempt to flee law enforcement, would nonetheless have been relevant conduct for consideration at sentencing.

Moreover, Petitioner's sentence was not enhanced "outside of his plea agreement." Petitioner pleaded guilty without a plea agreement, and he was sentenced to a within-guidelines sentence.

The Court, therefore, will dismiss these claims.

### C. Sentencing Enhancements

Petitioner argues that the Court erred in enhancing Petitioner's sentence under U.S.S.G. §3C1.2 for reckless endangerment without bringing "the facts and evidence … before the jury," thereby violating Petitioner's Sixth Amendment right. [Doc. 46 at 27]. This claim plainly fails. "Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict." United States v. Grubbs, 585 F.3d 793, 799 (4th Cir. 2009) (quoting United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008)); see United States v. Barnett, 48 F.4th 216, 220 (4th Cir. 2022) (noting the district court's findings of fact on application of sentencing enhancements may be reversed only on clear error). The Court will dismiss this claim.

In sum, Petitioner has failed to show he is entitled to relief under § 2255 and his motion to vacate will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate is denied and dismissed.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both

that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 46] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: March 4, 2024

Robert J. Conrad, Jr.
United States District Judge